UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC PEREZ,

                            Plaintiff,

v.                                                                       9:14-CV-1174
                                                                         (GTS)

BUETELL; TROOPER WESTON;
SCHNEIDER; ODELL; STEINMEYER; and
JOHN DOE,
                        Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

ERIC PEREZ
Plaintiff, *Pro Se*
P.O. Box 40965
Staten Island, NY 10304

MENTER, RUDIN & TRIVELPIECE, P.C.          MITCHELL J. KATZ, ESQ.
   Counsel for Defendants                                TERESA M. BENNETT, ESQ.
308 Maltbie Street, Suite 200
Syracuse, NY 13204

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this prisoner civil rights action filed *pro se* by Eric Perez ("Plaintiff") against the six above-captioned individuals ("Defendants"), is Defendants' motion to dismiss Plaintiff's Complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or, in the alternative, as a sanction pursuant to Fed. R. Civ. P. 37.  (Dkt. No. 56.)  For the reasons set forth below, Defendants' motion to dismiss is granted.

## I. RELEVANT BACKGROUND

### A. Procedural History

#### 1. Plaintiff's Complaint and the Court's Decision and Order on Initial Review

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite the factual allegations set forth in Plaintiff's Complaint, with which the parties are familiar. Rather, for a summary of Plaintiff's factual allegations, the Court refers the reader to its Decision and Order filed on February 18, 2015.[1] The identified Defendants filed their respective Answers on May 4 and May 5, 2016. (Dkt. Nos. 39-41, 43-44.)

#### 2. Scheduling Order

On May 4, 2016, United States Magistrate Judge Christian F. Hummel issued a Mandatory Pretrial Discovery and Scheduling Order ("Scheduling Order"), which set a discovery deadline of November 7, 2016. (Scheduling Order, filed 5/4/2016.) The Scheduling Order required Plaintiff to provide Defendants, within 60 days, numerous items, including a list of documents and other materials which he intended to use to support his claims, correspondences, grievances, and other documents related to requests for administrative remedies. (*Id.*) The Scheduling Order was served on Plaintiff by regular mail on the same date. Plaintiff failed to comply with any directive of the Scheduling Order within the time frame set forth therein. (Dkt. No. 56, Attach. 1, at ¶ 9 [Atty. Aff.].)

---

[1] Plaintiff's Complaint totaled more than 240 pages and named as Defendants nearly 250 individuals and entities, as well as hundreds of radio stations. The only claims still pending following the Court's initial review pursuant to 28 U.S.C. § 1915 are Plaintiff's excessive force claims under the Eighth Amendment of the U.S. Constitution. (Decision and Order, filed 2/28/2015.)

### 3. Defendants' Correspondence and Discovery Demands to Plaintiff

In a letter dated July 21, 2016, Defendants notified Plaintiff of his failure to comply with the Scheduling Order. (Dkt. No. 56, Attach. 1, at ¶ 10; *accord,* Dkt. No. 56, Attach. 4, at 2-3 [Letter, dated 7/21/2016].) On the same date, Defendants served Plaintiff with various discovery demands, including a set of interrogatories, a request for discovery and inspection, and a notice scheduling Plaintiff's deposition for September 30, 2016. (Dkt. No. 56, Attach. 1, at ¶ 10; *accord,* Dkt. No. 56, Attach. 4, at 5-24.)

Plaintiff did not respond to Defendants' letter or discovery demands. (Dkt. No. 56, Attach. 1, at ¶ 12.) On September 8, 2016, Defendants sent Plaintiff a second letter, demanding that he serve discovery responses on or before September 23, 2016, and reminding him that his deposition was scheduled to take place on September 30, 2016. (*Id.*; *accord,* Dkt. No. 56, Attach. 5, at 2-3 [Letter, dated 9/8/2016].) Thereafter, Plaintiff (1) did not cure his failure to comply with the Court's Scheduling Order, (2) did not serve responses to Defendants' discovery demands, (3) did not otherwise respond to Defendants' letters, and (4) did not appear at the time scheduled for his deposition. (Dkt. No. 56, Attach. 1, at ¶¶ 12-13; *accord*, Dkt. No. 56, Attach. 6, at 2-4 [Plf.'s Depo. Tr., in which defense counsel notes, on the record, that Plaintiff failed to appear].)

### 4. Court Conference

On September 30, 2016, Defendants requested a conference with Magistrate Judge Hummel to address Plaintiff's failures to comply with the Court's Scheduling Order, to respond to Defendants' discovery demands, and to appear for his deposition. (Dkt. No. 50 [Letter, filed 9/30/2016].) On October 6, 2016, Magistrate Judge Hummel granted Defendants' request and

scheduled a status conference to be held on October 27, 2016. (Text Order, filed 10/6/2016].) Moreover, Magistrate Judge Hummel directed Plaintiff to appear in person (or, if he was unable to do so, to provide immediate notice of that fact). (*Id.*)

Plaintiff did not appear at the conference (in person or otherwise), and nothing in the record suggests that he advised Magistrate Judge Hummel or Defendants of his inability to appear. (Text Minute Entry, entered 10/27/2016].) On October 28, 2016, Magistrate Judge Hummel issued a Text Order, directing Plaintiff to serve responses to Defendants' discovery demands on or before November 14, 2016, and extending the discovery deadline until January 17, 2017. (Text Order, filed 10/28/2016].) Moreover, Magistrate Judge Hummel also "advised [Plaintiff] that failure to appear for Court Ordered conferences or comply with Court Orders can constitute a basis for and result in a dismissal of his case." (*Id.*)

Plaintiff has neither responded to Defendants' discovery demands nor communicated with defense counsel to schedule his deposition. (Dkt. No. 51, Attach. 1, at ¶ 19.)

### 5. Plaintiff's Letter Motion for Voluntary Dismissal

On November 28, 2016, Plaintiff filed a letter purporting to "respectfully withdraw []his [C]omplaint." (Dkt. No. 54 [Plf.'s Letter].) Plaintiff explained that, after receiving the Court's Decision and Order on its initial review of his Complaint, "it was painfully obvious what th[e C]ourt and Jefferson County was perpetrating." (*Id.*) On December 1, 2016, the Court issued a Text Order, directing Defendants (to the extent that they did not oppose Plaintiff's letter request) to file a stipulation of dismissal signed by all parties by December 30, 2016. (Text Order, filed 12/1/2016.)

By letter dated December 9, 2016, Defendants sent Plaintiff a stipulation of discontinuance for his signature.[2] (Dkt. No. 56, Attach. 1, at ¶ 23; *accord*, Dkt. No. 56, Attach. 14 [Letter and Stip. of Discon.].)  Plaintiff did not return the signed stipulation of discontinuance (or otherwise respond).  (Dkt. No. 56, Attach. 1, at ¶ 23.)  By letter dated December 21, 2016, Defendants again sent Plaintiff a copy of the stipulation of discontinuance for his signature and, once again, Plaintiff did not respond.  (*Id.* at ¶ 24.)

    **B.**        **Parties' Briefing on Defendants' Motion**

           **1.**        **Defendants' Memorandum of Law**

Generally, in support of its motion, Defendants assert two arguments:  (1) Plaintiff's Complaint should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) because (a) he has failed to comply with Court orders and Defendants' discovery demands, and has made no attempt to advance the case since it was commenced more than two years ago, (b) he was explicitly warned, after failing to appear for a conference held for the purpose of addressing his non-compliance with prior discovery orders, that failure to comply with court orders may result in dismissal of his case, (c) Defendants have been prejudiced by his contumacious conduct, in that their ability to organize a defense has been hindered, (d) Plaintiff's failure to take any action since his case was commenced in 2014 diminishes his right to have his claim heard by the Court, and (e) based on his recalcitrance, even after the prospect of dismissal was raised, a lesser sanction would not be effective (Dkt. No. 56, Attach. 16, at 7-14 [Defs.' Memo. of Law]); and (2) in the alternative, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P.

---

       [2]      Defendants' correspondence containing the stipulation of discontinuance was sent via certified mail with return receipt requested.  (Dkt. No. 56, Attach. 1, at ¶ 23.)  Plaintiff signed for the certified mail on December 14, 2016.  (*Id.*; *accord,* Dkt. No. 56, Attach. 14, at 3.)

37(b)(2)(A)(v) and (d)(3) because (a) his failures to comply with three Court orders, engage in properly noticed discovery, and execute a stipulation of discontinuance were willful, (b) lesser sanctions will be ineffective, (c) the duration of Plaintiff's non-compliance with the Court's orders warrants dismissal, and (d) he was adequately warned that continued non-compliance may result in dismissal of his Complaint (*id.* at 14-19).

### 2. Plaintiff's Opposition Memorandum of Law

In a Text Order filed on January 3, 2017, the Court advised Plaintiff that his response to Defendants' motion to dismiss was due by January 23, 2017.  (Text Order, filed 1/3/2017.) Moreover, the Court expressly advised Plaintiff that "his failure to respond to this motion may result in this case being dismissed with prejudice."  (*Id.*)  Plaintiff failed to file a response to Defendants' motion by this deadline; and, to date, he still has not filed a response (or any other indication that he wishes to prosecute his case).

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing a Motion to Dismiss for Failure to Prosecute

The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute and/or failure to obey a court order under Fed. R. Civ. P. 41(b):

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hevner v. Vill. East Towers, Inc.*, 293 F. App'x 56, 58 (2d Cir. 2008) (summary order); *accord,*

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).  "No one factor is dispositive[.]"  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

### B.     Legal Standard Governing a Motion to Dismiss as a Sanction

Rule 37 of the Federal Rules of Civil Procedure provides that, if a party "fails to obey an order to provide or permit discovery," the district court may "issue further just orders," including "dismissing the action or proceeding in whole or in part[.]"  Fed. R. Civ. P. 37(b)(2)(A)(v); *accord, Koehl v. Green*, 424 F. App'x 61, 62 (2d Cir. 2011) (summary order) (explaining that "a district court has the inherent power to supervise and control its own proceedings and to sanction . . . a litigant for bad-faith conduct or for disobeying the court's orders," including "dismiss[al of] the lawsuit entirely") (internal quotation marks omitted).  "Similarly, a district court may dismiss an action if a party fails to attend a deposition of that party."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *accord*, Fed. R. Civ. P. 37(d).

The Second Circuit has identified several factors that it considers when reviewing a district courts order to dismiss an action as a sanction under Fed. R. Civ. P. 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance."  *Agiwal*, 555 F.3d at 302 (internal quotation marks omitted).  Dismissal with prejudice is "a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant."  *Id.* (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 [2d Cir. 1990]).

### III.     ANALYSIS

#### A.     Whether Plaintiff's Complaint Should Be Dismissed for Failure to Prosecute

After carefully considering the matter, the Court answers this question in the affirmative for each of the reasons set forth in Defendants' memorandum of law. (Dkt. No. 56, Attach. 16, at 7-13 [Defs.' Memo. of Law].) To those reasons, the Court adds the following analysis.

As an initial matter, as noted above, Plaintiff has failed to file an opposition to Defendants' motion. Generally, in this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden.[3] Here, the Court finds that Defendants have, at the very least, met their modest threshold burden for the reasons set forth in their memorandum of law.

Turning to the first factor, the Court finds that the duration of Plaintiff's failure is nearly nine months, measured from the first date on which Plaintiff violated of Magistrate Judge Hummel's Scheduling Order, which directed him to provide initial disclosures within 60 days. In addition to his failure to provide any disclosures required by the Scheduling Order, Plaintiff did not respond to Defendants' discovery demands served in July 2016 (more than eight months ago), did not appear for his scheduled deposition (more than six months ago), did not appear at

---

[3]     *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases). The Court notes that, on November 25, 2015, Plaintiff received a courtesy copy of Local Rule 7.1. (Dkt. No. 4.)

the conference held by Magistrate Judge Hummel (more than five months ago), and did not comply with Magistrate Judge Hummel's Text Order directing him to serve discovery responses on or before November 14, 2016 (approximately four-and-a-half months ago). Generally, durations of four months are sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months). In short, the Court concludes that these numerous failures were of significant duration and the direct result of Plaintiff's obstinance. Therefore, this factor weighs in favor of dismissal.

With regard to the second factor, the Court finds that Plaintiff received adequate notice that his failures could result in dismissal of his case. For example, in a Text Order issued by Magistrate Judge Hummel as a direct result of Plaintiff's failure to appear at the conference (which was scheduled for the very purpose of addressing Plaintiff's failures to comply), Plaintiff was expressly warned that the failure to appear for conference or to comply with Court orders could result in the dismissal of his case.[4]  (Text Order, filed 10/28/2016.) As a result, the Court finds that this factor weighs in favor of dismissal.

With regard to the third factor, the Court finds that Defendants are likely to be prejudiced by a further delay by Plaintiff. Plaintiff's case has been pending since August 2014, and, under

---

[4]    In a Text Order issued on March 11, 2015, Plaintiff was also advised that his failure to comply with an order directing him to provide copies of his Complaint for the U.S. Marshal to effect service could result in dismissal of his case. (Text Order, filed 3/11/2015.) Furthermore, as noted above, Plaintiff was advised that his failure to file a response to Defendant's motion could result in dismissal of his Complaint with prejudice. (Text Notice, entered 1/3/2017.)

the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses (who might retire from, or be transferred within, the New York State Department of Corrections and Community Supervision), and the preservation of evidence. *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). As a result, the Court finds that this factor weighs in favor of dismissal.

With regard to the fourth factor, the Court finds that the need to alleviate congestion on its docket outweighs Plaintiff's right to receive a further chance to be heard in this case. As noted above, on November 28, 2016, Plaintiff expressly purported to "withdraw this [C]omplaint," apparently because he was dissatisfied with the Court's Decision and Order on its initial review.[5] (Dkt. No. 54.) The fact further reflects that Plaintiff has no intention of advancing his claims; and his failure to execute the stipulation of discontinuance sent to him twice by Defendants (or to otherwise respond) has caused the Court to invest additional time and expense in this case. (*See, e.g.,* Text Order, filed 12/1/2016.) *See also Coleman v. Syracuse*, 14-CV-1521, 2016 WL 770058, at *2 (N.D.N.Y. Jan. 14, 2016) (Dancks, M.J.) ("It is the need to monitor and manage cases such as this that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for such civil cases."). As a result, the Court finds that this factor weighs in favor of dismissal.

---

[5] Because Defendants filed Answers to his Complaint in May 2016 (Dkt. Nos. 39-41, 43-44), Plaintiff could not properly effect a voluntary dismissal as a matter of right without Defendants' consent. Fed. R. Civ. P. 41(a)(1)(A)(i).

With regard to the fifth factor, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances. This is particularly so given the fact that Plaintiff's only substantive action in this case since 2015 was the filing of his letter requesting to withdraw his Complaint. The Court notes that, while district courts in this Circuit have a duty to extend special solicitude to *pro se* litigants, those litigants are not excused from complying with court orders. *See McDonald v. Head of Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (affirming the district court's dismissal of a *pro se* plaintiff's complaint due to the plaintiff's bad faith non-compliance with a court order). Because any Order issued by the Court imposing a less drastic sanction will likely never elicit a response from Plaintiff, the Court finds that this factor weighs in favor of dismissal.

In sum, after balancing the above-described factors, the Court finds that they weigh decidedly in favor of dismissal.

### B.    Whether, in the Alternative, Plaintiff's Complaint Should Be Dismissed as a Sanction

After carefully considering the matter, the Court answers this question in the affirmative for each of the reasons set forth in Defendants' memorandum of law. (Dkt. No. 56, Attach. 16, at 14-19 [Defs.' Memo. of Law].) Under the circumstances of this case, the Court finds that each of the relevant factors weighs decidedly in favor of dismissal as a sanction under Fed. R. Civ. P. 37 for the same reasons, discussed above, that dismissal is warranted for failure to prosecute under Fed. R. Civ. P. 41(b). *See, supra,* Part III.A. of this Decision and Order. *See also Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 110 (2d Cir. 2001) (summary order) (internal quotation marks omitted) (noting that, under the circumstances, "there is little distinction whether the dismissal is technically made under Rule 41 or Rule 37") (internal

quotation marks omitted); *Wang v. New York City Health & Hosp. Corp.*, 13-CV-3236, 2016 WL 7428395, at *1 (S.D.N.Y. Dec. 23, 2016) ("In this case, it is immaterial whether the case should be dismissed under Rule 37(b), Rule 41(b) or both[.]")  To those reasons, the Court reiterates that it finds Plaintiff's numerous failures to comply with court orders and Defendants' discovery demands to be willful.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) and Fed R. Civ. P. 37 (Dkt. No. 56) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

Dated: April 20, 2017
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge